JORDAN, Circuit Judge,
dissenting from denial of rehearing en banc.
As I have indicated before, I believe that Georgia’s Secrecy Act — given the problems that occurred when the state first sought to execute Kelly Gissendaner — has constitutional problems. See Gissendaner v. Commissioner, 803 F.3d 565, 579 (11th Cir.2015) (Jordan, J., dissenting).
A state violates the Eighth Amendment if it uses an execution method that is sure or very likely to cause serious illness and needless suffering and there is a feasible, viable, and readily implemented alternative that significantly reduces the risk of such suffering. See Glossip v. Gross, — U.S. -, 135 S.Ct. 2726, 2737, 192 L.Ed.2d 761 (2015). It seems to me, therefore, that death row inmates have a protected liberty interest under the Fourteenth Amendment in avoiding unnecessary pain. That is not a constitutional stretch, for the Supreme Court has, in the clemency context, held that a “prisoner under a death sentence remains a living person, and consequently has an interest in his life” that is protected by the Due Process Clause and which entitles him to “some minimal procedural safeguards.” See Ohio Adult Parole Authority v. Woodard, 523 U.S. 272, 288-89, 118 S.Ct. 1244, 140 L.Ed.2d 387 (1998) (O’Connor, J., concurring in part and concurring in the judgment). See Gissendaner v. Commissioner, 794 F.3d 1327, 1331 (11th Cir.2015) (explaining that Justice O’Connor’s concurring opinion in Woodard provided the holding for that case).
This interest requires us to decide what process is due to prisoners like Mr. Jones who seek information about Georgia’s com *942 pounded pentobarbital. I think we should have taken this case en banc to address the Fourteenth Amendment challenge mounted by Mr. Jones because, as Judge Wilson explains, our opinion in Wellons v. Commissioner, 754 F.3d 1260, 1266 (11th Cir.2014), did not perform the due process analysis required by Matthews v. Eldridge, 424 U.S. 319, 334-35, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), and its progeny. With respect, I dissent.